UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. GROGAN,<br><br>            Plaintiff,<br><br>    v.<br><br>BEALE AREO CLUB; JOHN HENRY;<br>UNITED STATES OF AMERICA; and<br>DOES 1-30,<br><br>            Defendants. | No. 2:15-cv-00562-GEB-KJN<br><br>**ORDER GRANTING DEFENDANTS UNITED STATES OF AMERICA AND BEALE AERO CLUB'S DISMISSAL MOTION** |

Defendants United States of America and Beale Aero Club (collectively, "Defendants") seek to be dismissed as defendants in this action under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(h)(3), arguing:

> Plaintiff did not exhaust administrative remedies prior to filing suit[; and that] . . . . [t]he Court should . . . dismiss Beale Aero Club, an instrumentality of the United States, as a party Defendant, with prejudice . . . . [since t]he [Federal Tort Claims Act ('FTCA')] . . . provides district courts        . . . with subject matter jurisdiction only over actions against the United States[;] . . . . [and] the claims against Defendants Does 1-30 should be

1

> dismissed unless Plaintiff attests that these unknown Defendants are not federal employees or agencies whose acts or omissions would subject the United States to liability under the FTCA.

(Def.'s Notice of Mot. to Dismiss 2:1-15, ECF No. 11.) Plaintiff opposes the motion, arguing:

> Plaintiff agrees that the administrative remedies described by the United States must be exhausted prior to being able to commence a suit against the United States . . . [Plaintiff] opposes the motion to the extent that it seeks to dismiss any person or entity not covered by the [FTCA]. Specifically, this [C]ourt must maintain subject matter jurisdiction [over] Defendant John Henry . . . and Does 1 through 30 as the amount in controversy in this case exceeds $75,000 and Mr. Grogan and Mr. Henry are citizens of different states pursuant to 28 U.S.C. § 1332(a)(1).
>
> . . . .
>
> [Further, f]or efficient use of judicial resources, [Plaintiff] request[s] that the Court maintain its jurisdiction over the entirety of the [D]efendants and stay the proceedings while the administrative process resolves because the claims arise out of the same operative facts.

(Pl.'s Opp'n to Def.'s Mot. ("Opp'n") 1:20-27, 3:24-26, ECF No. 15.)

## I.   DISCUSSION

Defendants argue the motion should be granted because Plaintiff has not exhausted applicable administrative remedies since he "filed suit . . . only five days after presenting his administrative claim to the Air Force." (Mot. 9:4-5.) 28 U.S.C. § 2675(a) of the FTCA prescribes: "An action shall not be instituted upon a claim against the United States . . . <u>unless the claimant shall have first presented the claim to the</u>

appropriate Federal agency and his claim shall have been finally denied by the agency." (emphasis added). Plaintiff concedes he is currently "participating in [the administrative claim] process," and that "Defendant United States may properly be dismissed without prejudice for lack of subject matter jurisdiction due to the [pending] administrative proceeding." (Opp'n 1:22, 3:22-23) (emphasis added). Therefore, Plaintiff's claims against the United States are dismissed.

Defendants also argue "Beale Aero Club should be dismissed as a party Defendant for lack of subject matter jurisdiction" since "suits [may not] be brought against federal agencies and instrumentalities in their own name due to [the] absence of subject matter jurisdiction" (Mot. 9:18-10:1); and argue Does 1-30 should be dismissed "unless Plaintiff attests that these unknown Defendants are not federal employees or agencies whose acts or omissions would subject the United States to liability under the FTCA." (Notice of Mot. 2:8-15.)

"[I]f a suit is 'cognizable' under [28 U.S.C.] § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name.'" Endicott v. Bureau of Alcohol, Tobacco, Firearms & Explosives, 338 F. Supp. 2d 1183, 1185 (W.D. Wash. 2004) (quoting 28 U.S.C. § 2679(a) of the FTCA and F.D.I.C. v. Meyer, 510 U.S. 471, 476 (1994)). 28 U.S.C. § 2671 of the FTCA states "the term 'Federal agency' includes the executive departments, . . . the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States." "Air Force Aero Clubs are established and

operate as non-appropriated instrumentalities of the United States under the control of the Air Force." Walls v. U.S., 832 F.2d 93, 94 n.2 (7th Cir. 1987); see also Bruckner v. United States, 338 F.2d 427, 428 (9th Cir. 1964) (indicating that an Air Force Base Aero Club "is an instrumentality of the United States, organized and operated under the auspices of the Air Force to give authorized personnel an opportunity to fly for recreation and the development of aeronautical skills.") Since Beale Aero Club is an instrumentality of the United States, it may not be sued eo nomine. See F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) (stating even when "claims . . . arise from the acts or omissions of United States agencies . . . , an agency itself cannot be sued under the FTCA.") Therefore, Beale Aero Club's motion to be dismissed as a defendant is granted with prejudice.

However, Defendants have not shown that the portion of the motion seeking dismissal of the Doe Defendants is ripe for judicial decision. Therefore, that portion of the motion is denied.

Defendants also argue:

> [T]he Court must resolve the incongruity between Plaintiff's (1) concession that he does not oppose dismissal of any Defendant that is subject to the FTCA and, (2) his request [in his Opposition to the dismissal motion] that 'the Court maintain its jurisdiction over the entirety of the [D]efendants and stay the proceedings while the administrative process resolves because the claims arise out of the same operative facts.' These two positions cannot be logically reconciled. The Court has no jurisdiction over the United States or Beale Aero Club, and therefore cannot 'maintain its jurisdiction' over them during the administrative claims process by issuing a stay instead of dismissing them from the

4

case.
(Reply 3:23-4:3.)

Plaintiff has not shown that the Court has authority to stay proceedings which he prematurely filed against the United States; nor has he shown how such a stay could issue without "vitiat[ing] the exhaustion requirement . . . . [which] is jurisdictional and must be strictly adhered to." Jackson v. U.S. Dep't of Veterans Affairs, No. CV 08-541-DDP AGR, 2010 WL 480983, at *3 n.2 (C.D. Cal. Feb. 2, 2010). Plaintiff has also failed to show justification for staying his suit against the remaining Defendant John Henry.

Defendant Henry has not yet appeared in this lawsuit, and it is unclear whether he has been served with process. Therefore, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that his failure to serve Defendant Henry with process within 120 days of the date of removal, which elapsed on July 10, 2015, may result in Henry and this action being dismissed. To avoid dismissal, on or before seven days after the date on which this Order is filed, Plaintiff shall file proof of service for Henry or a sufficient explanation for why service was not completed within Rule 4(m)'s prescribed service period.

## II.  CONCLUSION

For the stated reasons, the United States is dismissed as a Defendant in this action, and Beale Aero Club is dismissed as a Defendant with prejudice. Lastly, on or before seven days after the date on which this Order is filed, Plaintiff shall file

proof that Defendant Henry has been served with process or a sufficient explanation for why service was not completed within Rule 4(m)'s prescribed service period.

Dated: July 16, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge