UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. GROGAN,<br><br>            Plaintiff,<br><br>     v.<br><br>JOHN HENRY, an individual;<br>and DOES 1-30,<br><br>            Defendants. | No.  2:15-cv-00562-GEB-KJN<br><br>**ORDER** |

In an order filed October 20, 2015, Plaintiff was directed, in relevant part, as follows:

> Plaintiff shall take the steps necessary to prosecute this action as a default matter as to Defendant John Henry. No later than November 16, 2015, Plaintiff shall either file whatever documents are required to prosecute this case as a default matter or Show Cause in a writing filed why Defendant John Henry and/or this action should not be dismissed for failure of prosecution. This defendant and/or this action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to timely respond to this Order.

(Order 2:7-15, ECF No. 29.)

On November 12, 2015, Plaintiff responded to the referenced order, stating: "Mr. Henry filed a petition for Chapter 7 Bankruptcy on August 31, 2015. The bankruptcy petition activated an automatic stay on the instant action, and prohibits

1

Mr. Grogan from filing a motion for default or continuation of the action against Mr. Henry. 11 USC § 362(a) and(k)." (Pl.'s Resp. 1:26-2:1, ECF No. 31.) Plaintiff filed a copy of Mr. Henry's bankruptcy petition in support of his response. (See ECF No. 32-1.)

In light of John Henry's bankruptcy filing, this action is stayed as to Defendant John Henry. Within five days of the bankruptcy stay being lifted, Plaintiff shall file a Status Report in which it explains the status of the case involving Defendant John Henry.

Further, the parties shall address in the joint status report to be filed fourteen days in advance of the February 1, 2016 Status Conference, what effect, if any, the stay has on this action as to any non-bankruptcy party.

Dated: November 17, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2