UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. GROGAN, | No. 2:15-cv-0562-JAM-KJN |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On February 16, 2017, the court, pursuant to the parties' request, conducted an informal telephonic discovery conference in this matter. At the conference, attorneys Bradley Wahrlich and Kristoffer Mayfield appeared on behalf of plaintiff, and attorneys Debra Fowler and William Adams appeared on behalf of defendant. After review of the parties' joint statement and further discussion with the parties at the conference, IT IS HEREBY ORDERED that:

1. Defendant's request to permit defendant's expert, Dr. James Rosenberg, to make an audio recording of plaintiff's mental examination is DENIED WITHOUT PREJUDICE.

2. No later than February 23, 2017, defendant may submit to the court and plaintiff's counsel a supplemental declaration from Dr. Rosenberg outlining his clinical and/or diagnostic reasons for having the mental examination audio recorded, along with a

1

statement indicating whether defendant objects to having such audio recording provided to plaintiff's expert(s).[1]  If defendant so objects, defendant shall also submit limited briefing in support of that objection not to exceed two (2) pages.  Alternatively, if defendant elects to not pursue audio recording of the examination, defendant shall notify plaintiff's counsel and the court no later than February 23, 2017.

3. No later than February 28, 2017, plaintiff shall file briefing in response to any supplemental declaration from Dr. Rosenberg and any briefing submitted by defendant, not to exceed four (4) pages.

4. Thereafter, the matter will be submitted for decision.  If the court subsequently determines that additional briefing or another telephonic conference is necessary, the parties will be notified.

IT IS SO ORDERED.

Dated:  February 17, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] As the court indicated at the conference, if the court ultimately permits an audio recording of the examination to be made to assist Dr. Rosenberg in his examination, the court is strongly inclined to not allow such recording to be shared with counsel for either side or to allow a transcript of the recording to be prepared.  However, as discussed above, the court is prepared to entertain limited briefing as to whether such an audio recording should be provided to plaintiff's expert(s) as part of the materials supporting defendant's expert's opinion.