UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. GROGAN, | No. 2:15-cv-0562-JAM-KJN |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On February 17, 2017, after an informal telephonic discovery conference conducted on February 16, 2017, the court denied without prejudice defendant's request to permit defendant's expert, Dr. James Rosenberg, to make an audio recording of plaintiff's mental examination. (ECF No. 69.)  However, defendant was given leave to submit to the court and plaintiff's counsel a supplemental declaration from Dr. Rosenberg outlining his clinical and/or diagnostic reasons for having the mental examination audio recorded, along with a statement indicating whether defendant objects to having such audio recording provided to plaintiff's expert(s).  (Id.)  Plaintiff was also given an opportunity to respond to defendant's supplemental filings.  (Id.)

Since the issuance of the court's order, defendant has provided the court and plaintiff's counsel with a February 23, 2017 supplemental declaration from Dr. Rosenberg, along with a statement indicating that defendant does not object to having an audio recording of Dr.

1

1   Rosenberg's examination of plaintiff provided to plaintiff's expert(s).

2       Subsequently, plaintiff filed a response indicating that he does not believe that Dr.
3   Rosenberg's supplemental declaration establishes that audio recording is necessary, but that if the
4   court disagrees, the recording should be made available only to plaintiff's psychological expert(s)
5   and not shared with defendant's counsel or reduced to a written transcript.

6       The court has carefully considered Dr. Rosenberg's supplemental declaration, and is
7   ultimately persuaded, based on the present record in this case, that an audio recording would be
8   helpful to Dr. Rosenberg in preparing his assessment. Nevertheless, the court imposes the
9   restrictions discussed at the informal telephonic conference, and requested by plaintiff in his
10  written response, to ensure that the recording is appropriately used only as a tool for purposes of
11  forming clinical and/or diagnostic impressions, and not for litigation purposes.

12      Accordingly, IT IS HEREBY ORDERED that:

13      1. Defendant's expert, Dr. Rosenberg, is authorized to make an audio recording of his
14         mental examination of plaintiff along the terms specified in his February 23, 2017
15         supplemental declaration.

16      2. The audio recording shall not be played for or otherwise shared with plaintiff's
17         counsel or defendant's counsel, and shall not be reduced to a written transcript.

18      3. The audio recording shall not be subject to disclosure or production in discovery, and
19         the parties shall not directly or indirectly request a copy of the audio recording by
20         virtue of a subpoena or other discovery request.

21      4. In addition to Dr. Rosenberg, a copy of the audio recording shall be made available
22         only directly to plaintiff's psychological or psychiatric expert(s) for use in forming
23         their own clinical and/or diagnostic impressions, provided that they are willing to
24         abide by the same restrictions outlined in this order.

25      5. Any objections to this order shall be filed within seven (7) days.

26  ////
27  ////
28  ////

6.  The Clerk of Court shall file copies of the February 23, 2017 supplemental declaration of Dr. Rosenberg, defendant's statement, and plaintiff's response as attachments to this order.

IT IS SO ORDERED.

Dated:  March 2, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE